USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY          :
DISTRICT COUNCIL OF CARPENTERS         :
PENSION FUND, WELFARE FUND,            :
ANNUITY FUND, AND APPRENTICESHIP,      :
JOURNEYMAN RETRAINING,                 :          20-CV-2577
EDUCATIONAL AND INDUSTRY FUND,         :            (VEC)
TRUSTEES OF THE NEW YORK CITY          :
CARPENTERS RELIEF AND CHARITY FUND,:              ORDER
THE CARPENTER CONTRACTOR ALLIANCE:
OF METROPOLITAN NEW YORK, and the      :
NEW YORK CITY DISTRICT COUNCIL OF      :
CARPENTERS,                            :
                          Petitioners, :
                                       :
               -against-               :
                                       :
GREENEBUILD LLC,                       :
                                       :
                          Respondent. :
-----------------------------------------------------------X
VALERIE CAPRONI, United States District Judge:

      Petitioners New York City District Council of Carpenters (the "Union") and trustees for various employee benefit funds (the "Funds") seek confirmation of an arbitration award entered against Respondent Greenebuild LLC, as well as attorneys' fees and costs, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  For the reasons stated below, the petition is GRANTED.

## BACKGROUND

      Respondent is a member of The Association of Wall-Ceiling & Carpentry Industries of New York, Inc. ("WCC").  Pet., Dkt. 1 ¶ 9; Pet., Ex. A.  As a member of the WCC, Respondent is bound by collective bargaining agreements ("CBAs") between the Union and WCC, spanning from July 1, 2011 through June 30, 2024.  Pet. ¶¶ 10-11; *see* Pet., Exs. B-D.  The CBA requires

Respondent to contribute to a set of fringe benefit funds (the "Funds") for every hour worked by a covered union employee and allows the Funds to audit Respondent to ensure compliance with its contribution obligations.  Pet. ¶¶ 12-13; Pet., Ex. B Art. XVI § 1; Pet., Ex. C Art. XVII § 1. The CBA also requires arbitration of any disputes over such contributions; arbitration can result in an award of unpaid contributions, interest, liquidated damages, attorneys' fees, costs, and other relief.[1]  Pet. ¶¶ 16–18.

According to the Petition, an audit revealed that Respondent failed to make required contributions, totaling $12,411.19, from December 24, 2016 through September 28, 2018.  *Id*. ¶ 19.  Accordingly, pursuant to the CBA's arbitration clause, Petitioners initiated an arbitration proceeding.  *Id*. ¶ 20; Pet., Exs. F-G.  On December 11, 2019, the arbitrator found that Respondent had violated the CBA and ordered Respondent to pay $23,324.58 plus 7.5% interest accruing thereafter.  *Id*. ¶¶ 21–23; Pet., Ex. G.  Petitioner now seeks to confirm the arbitration award.

## DISCUSSION

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards."  *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless

---

[1]    The Collective Bargaining Agreement states: "Should any dispute or disagreement arise between the parties hereto, or between the Union and any signatory Employer-member, concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder."   Pet., Ex. B, Art. XVI § 12; Pet., Ex. C, Art. XVII, § 11.

the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotations omitted).

A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id*. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

When a petition to confirm an arbitration award is unopposed, courts treat the petition and accompanying record as an unopposed motion for summary judgment; unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law, the petition must be confirmed. *D.H. Blair & Co.*, 462 F.3d at 109–10. If, however, "the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 110 (quotation omitted) (emphasis in original).

Here, the petition to confirm arbitration is unopposed.[2]  The undisputed facts show that the arbitrator's award was properly within the scope of his authority.  Accordingly, Petitioners' motion is granted, and the award is confirmed.

---

[2]     Respondent's deadline to oppose the petition was July 2, 2020.  Dkt. 7.

Petitioners also seek reimbursement for attorneys' fees and costs.  Pet. ¶¶ 27-34.  Courts may award attorneys' fees in successful petitions to confirm arbitration awards if "a challenger refuses to abide by an arbitrator's decision without justification . . . ."  *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 16-CV-6004, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (2d Cir. 1982)).

Here, the Court finds that an award of fees and costs is justified.  The CBA entitles Petitioners to reasonable attorneys' fees and costs incurred in collecting delinquent contributions.  *See* Pet. ¶¶ 27-28; Pet., Exs. B-C.  Respondent failed to participate in the arbitration proceeding, failed to participate in the instant action, and has not paid the arbitration award.  Pet. ¶¶ 24-25; Pet., Ex G.  Petitioners seek $1,146 in attorneys' fees for 6.1 hours of work, along with $70 for service fees.  *Id.* ¶¶ 33-34; Pet., Ex. H.  The Court finds these amounts eminently reasonable, and awards Petitioners $1,216 for fees and costs.

## CONCLUSION

For the foregoing reasons, the petition to confirm arbitration is GRANTED.  The court awards judgment in Petitioners' favor in the amount of $23,324.58 plus 7.5% prejudgment interest from December 11, 2019, awards an additional $1,216 for attorneys' fees and costs arising from this action, and imposes post-judgment interest at the statutory rate, 28 U.S.C. § 1961, until the judgment is paid.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Date:  July 13, 2020
        New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**

4